UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CLOSED CIVIL CASE**

Case No. 07-21399-CIV-GRAHAM/WHITE

BEN E. SMITH,

    Petitioner,

vs.

JAMES R. McDONOUGH,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Petitioner Ben E. Smith's Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 [D.E. 1].

**THE MATTER** was referred to the Honorable United States Magistrate Judge Patrick A. White by Clerk's Order [D.E. 2]. The Magistrate Judge issued a Report recommending that the Petition be Denied [D.E. 22]. The Petitioner has filed objections to the Magistrate Judge's Report [D.E. 25].

**THE COURT** has conducted a _de novo_ review of the file and is otherwise fully advised in the premises.

In his Petition, the Petitioner alleged four grounds for relief; two claims of ineffective assistance of counsel, one claim regarding the alleged presentation of false and perjured testimony by the state, and one claim of improper jury instructions. The Magistrate Judge found that none of the four claims were

meritorious and recommended that the Petition be dismissed. The Petitioner has challenged the Magistrate Judge's Report on several grounds, as follows:

1. The Magistrate Judge erroneously allowed the State to follow a supplemental response to the Petitioner's Petition;

2. The Magistrate Judge improperly concluded that the Petitioner's Claims had not been properly exhausted in State Court;

3. The Magistrate Judge improperly concluded that the Petitioner did not receive ineffective assistance of counsel when the attorney did not seek to exclude an autopsy report authored by a medical examiner whose credentials were determined to be falsified.

For the following reasons, the Court finds the Petitioner's Objections without merit. First, while Rule 5 of the Rules Governing Section 2254 Cases sets out certain requirements in the answer filed by a respondent, the Rule does not state that a Judge may not require a party to file a supplemental response. In this case, the Magistrate Judge issued an Order directing the Respondent to file a supplemental response after the Magistrate Judge reviewed the Respondent's initial response, concluded that the Petitioner's writ of habeas corpus generally was timely, and therefore appropriately directed the Respondent to address the merits of the Petitioner's claims [D.E. 14]. Thus, there was no Rule 5 violation.

Second, although the Magistrate Judge ultimately did find that certain claims were procedurally barred, the Magistrate Judge nonetheless methodically analyzed each claim raised by Petitioner and correctly found that each claim was substantively without merit.

Finally, the Magistrate Judge correctly found that the Petitioner failed to establish the requisite prejudice for an ineffective assistance of claim, as another medical examiner testified at trial and indicated that any errors made by the discredited medical examiner, had no impact on the second examiner's testimony nor his conclusions. Thus, the Magistrate correctly concluded that the Petitioner failed to demonstrate that the outcome of the trial would have been different if counsel had sought to exclude the autopsy report, and thus failed to satisfy the ineffective assistance of counsel standard under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).
Accordingly, it is

**ORDERED AND ADJUDGED** that United States Magistrate Judge White's Report is hereby **RATIFIED, AFFIRMED and APPROVED** in its entirety [D.E. 22]. In addition, it is

**ORDERED AND ADJUDGED** that Petitioner Ben E. Smith's Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2254 is **DENIED**. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** and all pending

Motions are **DENIED** as Moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of July, 2008.

```
                              _____
                              DONALD L. GRAHAM
                              UNITED STATES DISTRICT JUDGE
```

cc: U.S. Magistrate Patrick A. White
    Ben E. Smith, pro se
    Counsel of Record